UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GILBERT DANIEL HAYON and RHONDA E. HAYON aka RACHAEL HAYON,

                Plaintiffs,

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, JPMORGAN CHASE BANK, N.A., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., TROTT AND TROTT P.C., and SCHNEIDERMAN & SHERMAN, P.C.,

                Defendants.
                                                    /

CASE NO. 13-12280

HON. MARIANNE O. BATTANI

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION
AND GRANTING DEFENDANTS' MOTIONS FOR DISMISSAL**

        Before the Court is Plaintiffs' Motion to Remand (Doc. No. 14), Trott & Trott, P.C.'s Motion for Summary Judgment/Dismissal (Doc. No. 13), and Defendant Schneiderman & Sherman, P.C.'s ("Schneiderman & Sherman) Joinder in and Concurrence with Defendant Trott & Trott, P.C.'s ("Trott & Trott") Motion for Summary Judgment/Dismissal (Doc. No. 20). The Court has reviewed all the relevant filings and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(f)(2). For the reasons discussed below, the Court **DENIES** Plaintiffs' motion and **GRANTS** Defendants' motions.

**I.    INTRODUCTION**

        Plaintiffs Gilbert and Rhonda Hayon filed their complaint in Oakland County Circuit Court on May 1, 2013, advancing five causes of action: Breach of Mortgage Covenant Respecting Notice of Default; Breach of Mortgage Covenant Respecting Notice of Sale;

Breach of Mortgage Covenant Respecting Conduct of Foreclosure Sale Where Foreclosing Party is Not the Owner of Indebtedness; Primary Request for Quiet Title (equitable mortgage); Alternative Request for Quiet Title (order sheriff's deed void). Their claims arise out of the foreclosure of property located at 25950 Radclift Place, Oak Park, Michigan. Plaintiffs signed a Promissory Note and Mortgage on May 5, 2000. After they failed to meet their payment obligations, foreclosure proceedings were initiated. Hayons allege that they never received a notice of default or notice of the sale. The property was sold in April 2008.

More than four years after the sheriff's sale, Plaintiffs filed their complaint in state court. Defendants removed on May 22, 2013, on the basis of diversity of citizenship. (Doc. No. 1). In the Notice of Removal, Trott & Trott and Schneiderman & Sherman (the "Law Firm Defendants"), conceded that they are citizens of Michigan and nondiverse. The Law Firm Defendants assert that they were fraudulently joined and, therefore, they may not be considered for purposes of diversity jurisdiction.

Plaintiffs filed their Motion to Remand on June 21, 2013. (Doc. No. 14). The Law Firm Defendants move for dismissal from this lawsuit.

## II. STANDARD OF REVIEW

### A. Removal

To invoke the district court's removal jurisdiction, a defendant must show that the district court has original jurisdiction over the action. See 28 U.S.C. § 1441(a). The burden of showing that the district court has original jurisdiction is on the party seeking removal. See Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit,

874 F.2d 332, 339 (6th Cir. 1989). Furthermore, because federalism concerns are implicated, removal statutes are to be narrowly construed. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 757 (6th Cir. 2000). The defendant seeking removal must prove by a preponderance of the evidence that the jurisdictional facts it alleges are true. Gafford v. General Elec. Co., 997 F.2d 150, 158 (6th Cir. 1993). The defendant must file a notice of removal within thirty days after receipt of a copy of the complaint. 28 U.S.C. § 1446(b). "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." Id.

    B. Failure to State a Claim

"A pleading that states a claim for relief must contain. . .a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). The requirement is meant to provide the opposing party with " 'fair notice of what the. . .claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, (2007) (quoting Conley v. Gibson, 355 U.S. 42, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "Facial plausibility" requires the plaintiff to include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

3

### III. ANALYSIS

Diversity jurisdiction exists when the claims in the complaint are between citizens of different states and when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1322(a). It is well established that when federal jurisdiction is based on diversity of citizenship, complete diversity must exist between the adverse parties in the action. Consequently, the citizenship of each plaintiff must be diverse from that of each defendant. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978); Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829 (1989)

It is undisputed that Defendants Trott and Trott and Schneiderman & Sherman share Michigan citizenship with Hayons. The Law Firm Defendants are firms that represented clients during the foreclosure process and/or eviction process. The parties dispute whether the Law Firm Defendants' citizenship may be disregarded in this case. According to the Law Firm Defendants, they are nominal parties--they have no real interest in the outcome of the litigation because they acted solely as attorneys during the challenged proceedings.

Case law is clear: a law firm owes no duty to his client's adversary. See Everett v. Shaheen, Jacobs & Ross, P.C., No. 11-11844, 2011 U.S. Dist. LEXIS 118875 (E. D. Mich. Sept. 27, 2011) (Doc. No. 13, Ex. 22); Barthlow v. Trott & Trott, P.C., No. 10-11902, 2010 WL 3258362 (E.D. Mich. Aug. 17, 2010) (holding that "a law firm that represented the mortgagee in the foreclosure matter," owes no "legal duty to the [p]laintiff") (citing Friedman v. Dozorc, 412 Mich. 1, 312 N.W.2d 585, 593 (Mich. 1981) (observing that

4

"recognition of a cause of action for negligence in favor of a client's adversary might unduly inhibit attorneys from bringing close cases or advancing innovative theories, or taking action against defendants who can be expected to retaliate"). Therefore, the citizenship of Law Firm Defendants must be disregarded inasmuch as Plaintiffs have no cognizable causes of action against either under state law. Coyne v. Am. Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999). Trott & Trott was hired to act as foreclosure counsel for the foreclosing mortgagee and as eviction counsel for the subsequent grantee. (See Doc. No. 13, Exs. B and C). Schneiderman & Sherman acted as eviction counsel following the termination of a lease. To the extent that Hayons have any claim, it is against the principals, not the agents. Therefore, the Law Firm Defendants have no real interest in the outcome of the litigation, and were joined to defeat diversity. Consequently, their citizenship is not considered for purposes of determining diversity. 28 U.S.C. § 1441; Navarro Savings Assn v. Lee, 446 U.S. 458, 461 (1980).

There is no dispute that the remaining Defendants are diverse because they are not citizens of Michigan. In addition, there is no challenge that the amount in controversy exceeds $75,000. Accordingly, the Court will address the Law Firm Defendants request for dismissal.

The Court agrees with the Law Firm Defendants owed a duty to their clients, not Hayons. Therefore, the Law Firm Defendants cannot be liable to Hayons for conducting the business of their clients. See Edwards v. Std. Fed. Bank, N.A. No. 08-12146, 2009 WL 92157 at *3 (E. D. Mich. Jan. 14, 2009). Here, as was the case in Conlin v. Mortgage Electronic Registrations Sys., Inc., No. 11-15352, 2011 WL 6440705 at *1 (E. D. Mich.

Dec. 16, 2011) and <u>Faris v. BAC Home Loans Servicing, LP</u>, No. 11-12007, 2012 WL 628592 (E. D. Mich. Feb. 27, 2012), there is no viable claim advanced against Trott & Trott or Schneiderman & Sherman. The analysis is straightforward, given the lack of any factual allegations in the Complaint of wrongdoing by the Law Firm Defendants, and Plaintiffs' failure to contest the motion. Accordingly, the Law Firm Defendants' motions for dismissal are **GRANTED.**

## IV.  CONCLUSION

For the reasons stated, the Court **DENIES** Plaintiffs' Motion to Remand and **GRANTS** the Law Firm Defendants' motions for dismissal.

**IT IS SO ORDERED.**

                      s/Marianne O. Battani
                      MARIANNE O. BATTANI
                      UNITED STATES DISTRICT JUDGE

Date:  <u>September 19, 2013</u>

## CERTIFICATE OF SERVICE

Copies of this Opinion and Order were mailed and/or electronically filed to counsel of record on this date.

                      s/Bernadette M. Thebolt
                      Case Manager