**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GILBERT DANIEL HAYON and RHONDA E.
HAYON aka RACHAEL HAYON,

                      Plaintiffs,

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, JPMORGAN CHASE BANK,
N.A., MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., TROTT AND
TROTT P.C., and SCHNEIDERMAN &
SHERMAN, P.C.,

                      Defendants.

_____/

CASE NO. 13-12280

HON. MARIANNE O. BATTANI

<u>**OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL**</u>

     Before the Court is Defendants Federal National Mortgage Association, JPMorgan Chase Bank, N.A., and Mortgage Electronic Registration System's Motion to Dismiss (Doc. No. 26). The Court has reviewed all the relevant filings and finds oral argument will not aid in the resolution of this dispute. <u>See</u> E. D. Mich. LR 7.1(f)(2). For the reasons discussed below, the Court **GRANTS** Defendants' motion.

**I.     INTRODUCTION**

     Plaintiffs Gilbert and Rhonda Hayon filed suit advancing claims arising out of the foreclosure of property located at 25950 Radclift Place, Oak Park, Michigan ("Property"). On April 24, 2001, Plaintiffs obtained a $184,000 loan from World Wide Financial Services, Inc., and as security for the Loan, Plaintiffs granted Mortgage Electronic Registration Systems, Inc. ("MERS") a mortgage on the Property. MERS subsequently

assigned its interest in the mortgage to Washington Mutual Bank ("WaMu").

Plaintiffs defaulted on their obligations under the Loan, and on March 21, 2007, WaMu sent Notice of Default to Plaintiffs.  (Doc. No. 26, Ex. C).  Plaintiffs did not cure their default, and WaMu commenced foreclosure by advertisement proceedings.  The property was sold on April 1, 2008, at a sheriff's sale.  WaMu then transferred the property to Federal National Mortgage Association ("Fannie Mae") by quit claim deed.  (Doc. No. 26 at Ex. E).  The redemption period expired on October 1, 2008.  Plaintiffs did not redeem the Property.

Fannie Mae brought an eviction action in the 45-B District Court.  Hayons contested the foreclosure and entered into a one-year lease agreement with Fannie Mae, which ended on May 31, 2011.  In the lease agreement, Plaintiffs agreed that Fannie Mae was the owner of the property through foreclosure.

On January 23, 2012, the 45-B District Court entered a Judgment of Possession by default as to Gilbert Hayon and by consent as to Rachel Hayon.  (Doc. No. 26, at Ex. F).   More than four years after the sheriff's sale, on May 1, 2013, Plaintiffs filed their complaint in Oakland County Circuit Court advancing five causes of action:  Breach of Mortgage Covenant Respecting Notice of Default against WaMu and JPMorgan Chase; Breach of Mortgage Covenant Respecting Notice of Sale; Breach of Mortgage Covenant Respecting Conduct of Foreclosure Sale Where Foreclosing Party is Not the Owner of Indebtedness; Primary Request for Quiet Title (equitable mortgage); Alternative Request for Quiet Title (order sheriff's deed void).

2

Defendants removed based on diversity of citizenship, and Plaintiffs filed a Motion to Remand. The Court denied the request for remand and dismissed the nondiverse Defendants, Trott & Trott, P.C. and Schneiderman & Sherman, P.C., finding they had no real interest in the outcome of the litigation and were joined to defeat diversity. (See Doc. No. 22).

Plaintiffs failed to file a response to the pending motion to dismiss.

## II.  STANDARD OF REVIEW

"A pleading that states a claim for relief must contain. . .a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). The requirement is meant to provide the opposing party with " 'fair notice of what the. . .claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, (2007) (quoting Conley v. Gibson, 355 U.S. 42, 47 (1957)).   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "Facial plausibility" requires the plaintiff to include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III.  ANALYSIS

There is no dispute that Fannie Mae owns the Property. Likewise, there is no dispute that Plaintiffs failed to redeem the Property following the 2008 sheriff's sale. Defendants maintain that once the period expired, Hayons lost all the rights, title, and interest in the property and no longer have standing to challenge the sale. The Court agrees.

3

Under Michigan law, legal title to a foreclosed property vests in the holder of the sheriff's deed unless the property is redeemed within the six-month statutory redemption period.  See Mich. Comp. Laws § 300.3236-3240.  Consequently, Plaintiffs must allege a clear showing of fraud or irregularity to avail themselves of an equitable extension of the redemption period.  See Overton v. Mortgage Electronic Registration Sys., Inc., No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009).  Accord Manufacturers Hanover Mortgage Corp. v. Snell, 370 N.W.2d 401, 404 (Mich. Ct. App. 1985) (noting that a mortgagor could challenge an invalid foreclosure by advertisement by raising equitable defenses to a summary eviction proceedings); United States v. Garno, 974 F. Supp. 628, 633 (E. D. Mich. 1997) (holding that under Michigan law, "a very good reason" may mandate setting aside a foreclosure sale) (citation omitted).

Moreover, as the Sixth Circuit made clear in Colin v. Mortgage Elec. Registration Sys., Inc., 714 F.3d 355, 360 (6th Cir. 2013) (citations omitted), "[t]he misconduct must relate to the foreclosure procedure itself."  Further, defects in the foreclosure proceeding merely render the foreclosure voidable.  Kim v. JPMorgan Chase Bank, N.A., 825 N.W.2d 329 (Mich. 2012).  Finally, Plaintiffs must demonstrate prejudice resulting from the defect.

According to Plaintiffs, they had no actual notice of the foreclosure sale, and they would have made payments had they been given correct notice.  (Doc. No. 1, Ex. A at ¶¶ 16-23).  Therefore, they ask the Court to design an "Equitable Mortgage" or to declare the sheriff's deed null and void "ab initio."  (Id. at ¶¶ 56-59).

The misconduct alleged by Plaintiffs ignores not only the passage of time, but also all of the previous state court proceedings.  Defendants have submitted evidence that

notice was provided to Plaintiffs.  (See Doc. No. 26, Exs. D, E).  The Court considers the

document because it is referenced in a complaint and central to the claims.  See Weiner

v. Klais and Co., 108 F.3d 86,88 (6th Cir.1997) (quotation omitted).  Even if Plaintiffs had

not received notice or seen posting of notice on their property, actual notice is not required

under the foreclosure-by-advertisement statute.

> Notice that the mortgage will be foreclosed by a sale of the mortgaged
> premises, or some part of them, shall be given by publishing the same for
> 4 successive weeks at least once in each week, in a newspaper published
> in the county where the premises included in the mortgage and intended to
> be sold, or some part of them, are situated. . .In every case within 15 days
> after the first publication of the notice, a true copy shall be posted in a
> conspicuous place upon any part of the premises described in the notice.

Mich. Comp. Laws § 600.3208.

In sum, there is no basis for the relief sought by Plaintiffs.  They waited years to

advance their claims, after the state court entered a Judgment of Possession to Fannie

Mae.  Plaintiffs never remedied their default. They have no standing to bring this lawsuit.

## IV.  CONCLUSION

For the reasons stated, the Court **GRANTS** Defendants' Motion to Dismiss.

**IT IS SO ORDERED.**


                                    s/Marianne O. Battani
                                    MARIANNE O. BATTANI
                                    UNITED STATES DISTRICT JUDGE

Date: March 7, 2014

**CERTIFICATE OF SERVICE**

Copies of this Opinion and Order were mailed and/or electronically filed to counsel of record on this date.

s/Bernadette M. Thebolt
Case Manager